IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

TIMOTHY DONNELL SATCHELL                                                    PLAINTIFF

                v.                    Civil No. 07-5114

CLAY FOWLKES, Benton County
Prosecutor; JAY SAXTON, Chief
Public Defender; TONI PIRANI,
Public Defender; and JUDGE DAVID
CLINGER, Benton County                                                              DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

      Timothy Donnell Satchell, currently an inmate in the Benton County Detention Center, filed this civil rights action pursuant to 42 U.S.C. § 1983. He proceeds pro se and in forma pauperis. The case is before the court for a determination of whether service of process should issue.

**Background**

      According to the allegations of the complaint, Clay Fowlkes, was the Benton County Prosecuting Attorney assigned to Satchell's criminal case. Satchell maintains Fowlkes discriminated against Satchell due to his race, Black, by asking that his bond be set at $250,000. Satchell also contends Fowlkes withheld letters of apology Satchell wrote to his victim. Finally, Satchell maintains Fowlkes prevented Satchell from having a bench trial because Fowlkes knew Satchell would be discriminated against at a jury trial.

      Satchell alleges his public defender, Jay Saxton, made discriminatory comments saying that Satchell was better off pleading guilty because as a Black Satchell would not get a fair trial.

-1-

According to Satchell, Saxton remarked that if Satchell were closer to Little Rock, where there were more Blacks, there would be a better change of Satchell getting a fair trial.

Satchell indicated Toni Pirani, also a public defender representing him, stated that the doctor who evaluated Satchell would speak on his behalf if Satchell plead guilty. Satchell states this did not occur. At his sentencing, Satchell stated that Pirani chose not to speak about Satchell's mental illness.

With respect to Judge Clinger, Satchell states he wrote Judge Clinger several letters about the horrible legal representation he was receiving and nothing was done. Despite Judge Clinger being made aware of Satchell's mental illness, Satchell asserts Judge Clinger elected to go along with the prosecuting attorney.

## Discussion

Satchell's claims are subject to dismissal. First, prosecuting attorney Clay Fowlkes is immune from suit. The United States Supreme Court, in *Imbler v. Pachtman*, 424 U.S. 409, 431, 96 S. Ct. 984, 995, 47 L. Ed. 2d 128 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." *Id.*, 424 U.S. at 427. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.*, 424 U.S. at 430. *See also Buckley v. Fitzsimmons*, 509 U.S. 259, 113 S. Ct. 2606, 2615, 125 L. Ed. 2d 209 (1993)(Prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity). Based on the allegations of the complaint, it is clear the defendant prosecuting attorney is entitled to absolute immunity. *See also Brodnicki v. City of*

AO72A
(Rev. 8/82)

*Omaha*, 75 F.3d 1261 (8th Cir. 1996)(County prosecutors were entitled to absolute immunity from suit).

To the extent Satchell's complaint seeks injunctive relief, we find the claim not cognizable. While the Supreme Court has not held that this immunity insulates prosecutors from declaratory or injunctive relief, *see Pulliam v. Allen*, 466 U.S. 522, 104 S. Ct. 1970, 80 L. Ed. 2d 565 (1984), a plaintiff must show some substantial likelihood that the past conduct alleged to be illegal will recur. Satchell can make no such showing here. Further, injunctive relief is not appropriate where an adequate remedy under state law exists. *Id.*, 466 U.S. at 542 & n.22. *See also Bonner v. Circuit Court of St. Louis,* 526 F.2d 1331, 1336 (8th Cir. 1975).

Second, public defenders Jay Saxton and Toni Pirani are not subject to suit under § 1983. A § 1983 complaint must allege that each defendant, acting under color of state law, deprived plaintiff of "rights, privileges or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. *See DuBose v. Kelly*, 187 F.3d 999 (8th Cir. 1999). Saxton and Pirani were not acting under color of state law while representing Satchell in his criminal proceeding. *See Polk County v. Dodson*, 454 U.S. 312, 318, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981) (public defender does not act under color of state law when performing traditional functions as counsel).

Finally, Judge Clinger is immune from suit. *See Mireles v. Waco*, 502 U.S. 9, 11, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991)("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."). *See also Duty v. City of Springdale,* 42 F.3d 460, 462 (8th Cir. 1994). "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of

his authority." *Stump v. Sparkman*, 435 U.S. 349, 356-57, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978).

Judicial immunity is overcome in two situations: (1) if the challenged act is nonjudicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *See Mireles*, 502 U.S. at 11. It is clear from the allegations of the complaint that neither situation applies here.

In the past, claims for declaratory and injunctive relief "have been permitted under 42 U.S.C. § 1983 against judges acting in their official capacity." *Nollet v. Justices of Trial Court of Com. of Mass.*, 83 F. Supp. 2d 204, 210 (D. Mass. 2000), *aff'd without op.,* 248 F.3d 1127 (1st Cir. 2000)(*citing Pulliam v. Allen,* 466 U.S. 522, 104 S. Ct. 1970, 80 L. Ed. 2d 565 (1984)). "However, in 1996 Congress passed the Federal Courts Improvement Act ("FCIA"), Pub. L. No. 104-317, Title III § 309(c), 110 Stat. 3847, 3853, which legislatively reversed *Pulliam* in several important respects." *Nollet*, 85 F. Supp. 2d at 210. As amended by the FCIA, § 1983 now precludes injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Satchell does not allege that either of these prerequisites for injunctive relief are met. *See e.g., Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999)(holding injunctive relief against a quasi-judicial official is barred if the plaintiff fails to allege a violation of a declaratory decree or the unavailability of declaratory relief); *Fox v. Lee*, 99 F. Supp. 2d 573, 575-576 (E.D. Pa. 2000)(claim for injunctive relief dismissed where plaintiff's complaint fails to allege that either of the prerequisites to injunctive relief were met); *Ackermann v. Doyle*, 43 F. Supp. 2d 265, 273

AO72A
(Rev. 8/82)

(E.D. N.Y. 1999)(dismissing action against judicial officers because plaintiff failed to allege that a declaratory decree was violated or the declaratory relief was unavailable).  Thus, to the extent Satchell seeks injunctive relief his claims are subject to dismissal.

### Conclusion

I therefore recommend that Satchell's claims be dismissed on the grounds that the claims are frivolous, fail to state claims upon which relief may be granted, and seek relief against defendants who are immune from suit.  *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP action may be dismissed on such grounds at any time).

**Satchell has ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  Satchell is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 19th day of July 2007.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE